**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

UNITED STATES OF AMERICA

v.

JAY GOLDSTEIN

Criminal No. 14-287-3 (FLW)

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT JAY GOLDSTEIN'S PRE-TRIAL MOTIONS**

PASHMAN STEIN, P.C.
21 Main Street, Suite 100
Hackensack, N.J. 07601
(201) 488-8200
*Attorneys for Defendant Edward Olimpio*

*On the Brief:*
AIDAN P. O'CONNOR

## TABLE OF CONTENTS

Page

Preliminary Statement.................................................................................. 1

Legal Argument ..........................................................................................2

1.  The Superseding Indictment Should Be Dismissed....................................2

2.  The Cell Site and Location Data Should Be Suppressed ..........................3

3.  Defendant Is Entitled to a Bill of Particulars................................................5

4.  A Hearing Should Be Held to Determine the Admissibility of Co-
    Conspirator Statements..............................................................................14

5.  A Hearing Should Be Held Regarding the Audibility of Recorded
    Conversations .............................................................................................15

6.  The Court Should Compel Discovery of All Exculpatory Evidence ..........16

7.  The Court Should Compel Disclosure of Relevant Information Concerning
    Witnesses and Informants or Cooperators ...............................................17

8.  The Court Should Order the Government to Preserve All of the Rough
    Notes Created in the Course of its Investigation ......................................19

9.  Grand Jury Materials Should Be Disclosed ..............................................21

10.  Jay Goldstein Joins in the Motions of His Co-Defendants to the Extent that
    They Are Relevant and Applicable to Him................................................22

Conclusion  ................................................................................................23

## TABLE OF AUTHORITIES

**Cases**

*Brady v. Maryland*, 373 U.S. 83 (1963)..........................................................................21

*Giglio v. United States*, 504 U.S. 150 (1972) ................................................................21

*In re Application of the U.S. for an Order Directing a Provider of Electronic
    Communication Service to Disclose Records to the Government*, 620 F.3d 304 (3rd
    Cir. 2010) ..................................................................................................................3, 4

*Krulewitch v. United States*, 336 U.S. 440 (1949)...........................................................17

*Kyllo v. United States*, 533 U.S. 27 (2001)........................................................................4

*Lefkowitz v. Schneider*, 51 F.2d 685 (3d Cir. 1931) .........................................................9

*Riley v. California*, 573 U.S. ___, 134 S.Ct.2473 (2014)..............................................3, 4

*Roviaro v. United States*, 33 U.S. 53 (1957)...................................................................22

*State v. Earls*, 214 N.J. 564 (2013).................................................................................4

*United States v. Addonizio*, 451 F.2d 49 (3d Cir. 1971)................................................6, 7

*United States v. Ahmad*, 53 F.R.D. 185 (D. Pa. 1971)....................................................9

*United States v. Ammar*, 174 F.2d 238 (3rd Cir. 1983) .................................................17

*United States v. Banks*, 520 F 2d 627 (7th Cir 1975).....................................................23

*United States v. Bell*, 651 F.2d 1255 (8th Cir. 1981).....................................................19

*United States v. Bin Laden*, 92 F. Supp. 2d 225 (S.D.NY 2000)...................................14

*United States v. Bortnovsky*, 820 F.2d 572 (2d Cir. 1987)..........................12, 13, 14, 15

*United States v. Calvert*, 523 F.2d 895 (8th Cir. 1975) ..................................................23

*United States v. Davidoff*, 845 F.2d 1151 (2d Cir. 1988)..........................................13, 14

*United States v. Eufrasio*, 935 F.2d 553,  (3rd Cir. 1991), *cert. denied* 405 U.S. 502 U.S.
    925 (1991)...................................................................................................................6

*United States v. Faulkner*, 53 F.R.D. 299 (E.D. Wis. 1971) ...........................................7

*United States v. Gatto*, 746 F. Supp. 432 (D.N.J. 1990), *rev'd on other grounds*, 924
    F.2d 491 (3d Cir. 1991) ...............................................................................................8

*United States v. Gibbs*, 739 F.2d 838 (3rd Cir. 1984) ...................................................17

*United States v. Giese*, 597 F.2d 1170 (9th Cir. 1979) ...................................................6

*United States v. Glaze*, 313 F.2d 757 (2d Cir. 1963) ......................................................7

*United States v. Harris*, 543 F. 2d 1247 (9th Cir. 1976) ................................................24

*United States v. Harrison*, 524 F. 2d 421 (D.C. Circuit 1975) .......................................25

*United States v. Holeman*, 490 F. Supp. 755 (E.D. Pa. 1980) ...........................................9

*United States v. Hsia*, 24 F. Supp. 2d 14 (D.D.C. 1998) .................................................15

*United States v. Hughes*, 195 F. Supp. 795 (S.D.N.Y. 1961)...........................................9

*United States v. Iannelli*, 339 F. Supp. 171 (W.D. Pa. 1972) ..........................................9

*United States v. Jiles*, 658 2d 194 (3d Cir. 1981)............................................................22

*United States v. Jones*, 132 S.Ct. 945 (2012)............................................................3, 4

*United States v. Lewis*, Crim. A. 88-00519-11, 1990 WL 4383 (E.D. Pa. Jan. 18, 1990).9

*United States v. Manetti*, 323 F. Supp. 683 (D. Del. 1971) ..............................................8

*United States v. Mansaw*, 714 F.2d 785 (8th Cir. 1983) ................................................23

*United States v. Mitchell*, 744 F.2d 701 (9th Cir. 1984) ...................................................6

*United States v. Nachamie*, 91 F. Supp. 2d 565 (S.D.N.Y. 2000)..................................15

*United States v. Niederberger*, 580 F. 2d 63 (3d Cir.), *cert. denied*, 439 U.S. 980 (1978)
.................................................................................................................................24

*United States v. Noti*, 731 F.2d 610 (9th Cir. 1984) .......................................................23

*United States v. Partin*, 493 F.2d 750 (5th Cir 1974) ....................................................23

*United States v. Rogers*, 617 F. Supp. 1024 (D. Colo. 1985) ...................................11, 12

*United States v. Rosa*, 891 F.2d 1063, (3d Cir. 1989) ...........................................6, 8, 9

*United States v. Siddiqui*, No. 06-CR-377, 2007 U.S. Dist. LEXIS 15410 (S.D.N.Y. Feb.
21,2007)....................................................................................................................15

*United States v. Smith*, 16 F.R.D. 372 (W.D. Mo. 1954)..................................................7

*United States v. Starks, 515 F.2d 112 (3rd Cir. 1976)* ....................................................20

*United States v. Subeh*, No. 04-CR-6077T, 2006 U.S. Dist. LEXIS 45514 (W.D.N.Y. July
5, 2006) .....................................................................................................................15

*United States v. Testamark*, 570 F. 2d 1162 (3d. Cir. 1978)..........................................25

*United States v. Thevis*, 474 F. Supp. 117 (D. Ga. 1979) ..............................................11

*United States v. Tucker*, 552 F. 2d 202 (7th Cir. 1977)..................................................22

*United States v. Upton*, 856 F. Supp. 727 (E.D.N.Y. 1994) .....................................14, 16

*United States v. Vella*, 562 F. 2d 275 (3d Cir. 1977)......................................................24

*Will v. United States*, 389 U.S. 90 (1967).........................................................................6

*Wong Sun v. United States*, 371 U.S. 471 (1963)..........................................................17

## Statutes

18 U.S.C. § 2703(d)........................................................................................................3, 4

N.J.S.A. 2A:156A-27-33........................................................................................................4

**Rules**

Fed.R.Cr.P. Rule 16(a)(1)(G)......................................................................5

Fed.R.Cr.P. Rule 7(f) ...............................................................................6

Fed.R.Evid. Rule 104(b) ...........................................................................19

Fed.R.Evid. Rule 801(d)(2)(E) ...................................................................17

**Other Authorities**

1 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 129 (3d Ed. 1999)....................................................................................................7

## **PRELIMINARY STATEMENT**

Defendant Jay "Yaakov" Goldstein, through the undersigned counsel, respectfully submits this memorandum of law in support of his pre-trial motions for:

1. Dismissal of the Superseding Indictment

2. Suppression of the Cell Site and Location Data

3. A Bill of Particulars

4. A Hearing Regarding the Admissibility of Co-Conspirator Statements

5. A Hearing Regarding the Audibility of Recorded Conversations

6. Discovery of All Exculpatory Evidence

7. Disclosure of Relevant Information Concerning Witnesses and Informants or Cooperators

8. Preservation of the Rough Notes Created in the Course of the Government' Investigation

9. Disclosure of Grand Jury Materials

10. Permitting Jay Goldstein to Join in the Motions of His Co-Defendants to the Extent that They Are Relevant and Applicable to Him

## ARGUMENT

## 1

## THE SUPERSEDING INDICTMENT SHOULD BE DISMISSED

Defendant Goldstein joins in and adopts the argument set forth in Sections I and II of the Memorandum of Law submitted by Defendant David Epstein and in the Memorandum of Law submitted by Defendant Binyamin Stimler regarding dismissal of the Superseding Indictment.

**2**

## THE CELL SITE AND LOCATION DATA SHOULD BE SUPPRESSED

The information and data obtained pursuant to the order dated October 30, 2014, Mag. No. 14-2528 (DEA), should be suppressed. This information includes cell site and other location data and purports to relate to a mobile telephone used by defendant Jay Goldstein and as such he has standing to bring this motion. This information was obtained pursuant to 18 U.S.C. § 2703(d), not a Fourth Amendment warrant upon probable cause pursuant to Rule 41 of the Federal Rules of Criminal Procedure.

This information is equivalent to the search of a mobile telephone or a tracking device and pursuant to the recent Supreme Court case *Riley v. California*, 573 U.S. ___, 134 S.Ct.2473 (2014), a search warrant should have been required for this information. *See also United States v. Jones*, 132 S.Ct. 945 (2012) (requiring a warrant for the use of a location monitoring GPS device on a car); *but see In re Application of the U.S. for an Order Directing a Provider of Electronic Communication Service to Disclose Records to the Government*, 620 F.3d 304 (3rd Cir. 2010). Similarly in the present case, the government seeks to use information obtained without a search warrant to retroactively track the physical location of the defendants. The information sought to be used by the Government is significantly more intrusive than subscriber or toll information data originally contemplated by this statute. The order obtained by the Government is simply insufficient to pass Fourth Amendment muster. *In re Application of the U.S.* predates both *Riley* and *Jones* and should no longer be followed as the

Supreme Court has noted the shifting expectation of privacy by the public.[1]  In effect, the intermediate standard of 18 U.S.C. § 2703(d), at least as applied to location data, is unconstitutional.

Although not controlling authority, it is noteworthy that New Jersey state law requires a communications data warrant, equivalent to a search warrant to obtain this type of information.  See N.J.S.A. 2A:156A-27 to 33; *see also State v. Earls*, 214 N.J. 564 (2013) (dealing with real time acquisition of cell site and location data.)

In any event, the application suffers from the same infirmities raised in the motion to dismiss regarding the tangential nature of the interstate travel to the Commerce Clause and the misidentification used to support the application.  The application does not contain the specific and articulable facts establishing reasonable grounds that the defendant's cell site location information was relevant and material to an ongoing criminal investigation as required under § 2703(d) much less the probable cause required by the Fourth Amendment and thus should be suppressed under either standard.

This information should also be precluded from the trial because the Government has not provided an expert report as to how such data will be analyzed and explained as required by Rule 16(a)(1)(G) of the Federal Rules of Criminal Procedure and ¶ 1(e) of the Order for Discovery and Inspection entered into in this case (# 145).

---

[1]      See also *Kyllo v. United States*, 533 U.S. 27 (2001) recognizing a protected privacy interest against the use of thermal imaging technology stating that "[w]here, as here, the Government uses a device that is not in general public use, to explore details of the home that would previously have been unknowable without physical intrusion, the surveillance is a 'search' and is presumptively unreasonable without a warrant." Id. at 40.

3

## DEFENDANT IS ENTITLED TO A BILL OF PARTICULARS

Federal Rule of Criminal Procedure 7(f) provides a court with broad discretion to direct the government to file a bill of particulars.  *See, e.g., Will v. United States*, 389 U.S. 90, 98-99 (1967).  "The purpose of the bill of particulars is to inform the defendant of the nature of the charges brought against him to adequately prepare his defense, to avoid surprise during the trial and to protect him against a second prosecution for an inadequately described offense."  *United States v. Addonizio*, 451 F.2d 49, 63-64 (3d Cir. 1971); *See also*, *United States v. Eufrasio*, 935 F.2d 553, 575 (3rd Cir. 1991), *cert. denied* 405 U.S. 502 U.S. 925 (1991).  Thus, "motions for a bill of particulars should be granted whenever an indictment's failure to provide factual or legal information significantly impairs the defendant's ability to prepare his defense or is likely to lead to prejudicial surprise at trial."  *United States v. Rosa*, 891 F.2d 1063, 1066 (3d Cir. 1989).

A criminal defendant has the right to adequately prepare his defense and to avoid unfair or prejudicial surprise at trial.  *See United States v. Mitchell*, 744 F.2d 701 (9th Cir. 1984) (citing *United States v. Giese*, 597 F.2d 1170 (9th Cir. 1979).  When the Indictment fails to give particularized notice of the crimes charges, then those rights cannot be exercised.  The Court should require the Government to provide the basic information requested regarding the parameters of the wide-ranging conspiracy and undercover operation as alleged in the Indictment.

The Third Circuit has recognized that a modern "liberalization" in the granting of bills of particulars has contributed "to a desirable decline in the 'sporting theory' of criminal justice."  *Addonizio*, 451 F.2d at 64.  It is not enough, in refusing to require a bill

of particulars, to merely find that such a bill is not needed because the indictment sets forth the "bare minimum" of the elements of the offense charged. *United States v. Glaze*, 313 F.2d 757, 761 (2d Cir. 1963). In fact, the technical sufficiency of an indictment has no bearing on whether a bill of particulars should be directed; rather, a bill of particulars is designed to expand upon an already sufficient indictment. *See, e.g., United States v. Faulkner*, 53 F.R.D. 299, 300 (E.D. Wis. 1971) ("Whether the court, in its discretion, may order a bill of particulars is not determined by the sufficiency of the indictment ...."); *United States v. Smith*, 16 F.R.D. 372, 374 (W.D. Mo. 1954) ("Certainly the fact that an indictment or information conforms to the simple form suggested in the rules is no answer or defense to a motion for a bill of particulars under Rule 7(f)."); *see also* 1 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 129 (3d Ed. 1999) ("The sufficiency of the indictment or information is irrelevant in determining whether to order a bill of particulars."). To be sure, a defendant is entitled to the "central facts" that will permit him to conduct his own investigation into the charges against him and to present a proper and adequate defense. *United States v. Vastola*, 670 F. Supp. 1244, 1269-70 (D.N.J. 1987). As such, the "precise date and place of each event" alleged in the indictment should be provided. *Id*. This includes the names of all coconspirators, participants and alleged victims in or to the alleged offenses, unless the government proves that "such disclosures might endanger the safety of prospective witnesses." *Id*. at 1270. No such countervailing concerns of safety of witnesses exist in this case. Furthermore, "[i]n the grey areas, the doubt must be resolved in favor of disclosure and the conflicting concerns must yield to paramount public interest in

affording the accused a reasonable foundation for mounting a defense." *United States v. Manetti*, 323 F. Supp. 683, 696 (D. Del. 1971).

In *United States v. Gatto*, the court applied such principles and concluded that "to the extent the indictment alleges that 'others' were involved, the government must specify who the 'others' are." 746 F. Supp. 432, 477 (D.N.J. 1990), *rev'd on other grounds*, 924 F.2d 491 (3d Cir. 1991); *see also Rosa*, 891 F.2d at 1066 (holding a bill of particulars necessary to inform the defendant of the identities of individuals he allegedly controlled in a continuing criminal enterprise). Similarly, allegations in the indictment that events occurred "elsewhere" are insufficient. *Id.* The court's decision in *Gatto* reinforced the notion set forth in *Vastola*, supra, 670 F. Supp. at 1269, that the government must provide the precise dates and locations of the alleged acts. *Id.; see also United States v. Holeman*, 490 F. Supp. 755, 762 (E.D. Pa. 1980) (requiring provision of the exact date and place, if known to the government, of each event alleged in the indictment); *United States v. Ahmad*, 53 F.R.D. 185, 201-203 (D. Pa. 1971) (ordering identification of conspiratorial acts and dates, times, and places of meetings); *United States v. Hughes*, 195 F. Supp. 795, 800 (S.D.N.Y. 1961) (demanding the date of each purchase in fraud case).

Particularly important here, a bill of particulars is necessary to provide a "more detailed factual description" of a defendant's "alleged role" in a conspiracy. *See Vastola*, 670 F. Supp. at 1260; *see also Lefkowitz v. Schneider*, 51 F.2d 685, 687 (3d Cir. 1931) (holding a bill of particulars appropriate to determine "the parts which [the defendants] ... played in the conspiracy"); *United States v. Lewis*, Crim. A. 88-00519-11, 1990 WL 4383, at *1 (E.D. Pa. Jan. 18, 1990) (concluding a defendant entitled to

7

"specifics as to what conspiratorial acts she allegedly did"); *United States v. Iannelli*, 339 F. Supp. 171, 182 (W.D. Pa. 1972) (ordering the government to state "the capacity or capacities in which [each defendant] is alleged to have participated in an illegal ... business" and to "furnish a list of all overt acts which it intends to prove at the trial in addition to those listed in the indictments").

The indictment herein leaves the defendant in the dark as to critical particulars that are necessary for proper trial preparation. For example, the Government has refused to even provide the names of the alleged victims and uncharged coconspirators. Moreover, the defense has been inundated with terabytes of electronic data in the form of DVDs, CDs, hard drives and thumb drives in discovery. It is only fair that the government identify which individuals and divorce proceedings are to be used at trial. Otherwise the defense needs to investigate the details of scores of purportedly irrelevant divorce proceedings, each of which has multiple participants and documents, as well as individual complexities. To the extent the thousands of files objectively establish wrongdoing by coconspirators and others without the defendant's direct involvement, that fact must be disclosed in discovery pursuant to *Brady*, *Giglio*, and their progeny, or provided specifically in answers to a request for a bill of particulars.

The bill of particulars requested will provide defendant Goldstein with the requisite sufficient precision concerning the charges that is needed for him to adequately prepare his defense. There is no time to engage in such preparation after trial begins and witnesses have testified. Indeed, this is the crux of trial preparation. As courts have recognized, without such central facts, there is no possible adequate preparation for the defense.

In *United States v. Rogers*, 617 F. Supp. 1024, 1028-29 (D. Colo. 1985), the defendants requested, among other things, the disclosure of all coconspirators known to the government or the grand jury. In allowing disclosure of the requested information, the court held that: "It is well-settled that the government must identify undisclosed and unidentified coconspirators, aiders and abettors, and other individuals involved in the criminal acts charged ...." *Id.* at 1028-29 (citing *United States v. Thevis*, 474 F. Supp. 117, 125 (D. Ga. 1979). The defendants also requested information concerning the overt acts alleged in the indictment. *Rogers* at 1029. The court granted that request and ordered the government to provide enough information to apprise defendants of the nature of their own alleged overt acts as well as those of their purported coconspirators.

We seek very basic facts relative to the purported role of Jay Goldstein and others in the conspiracy charge. The Government claims that the object of the conspiracy was obtaining "money and other things of value from agunot and their families". Indict. Ct. 1, ¶ 3. The Government should be required to identify how Mr. Goldstein aligned himself with this objective, and in particular, state what money and other things of value Mr. Goldstein, in fact, obtained from the agunot and their families. The Government should not be able to surprise Mr. Goldstein at trial with such proof, which it has failed to specify in the Indictment, especially where this proof would establish a material element of the offense. The investigation produced multiple charges against five individuals based on thousands of documents and recorded conversations, but the Indictment does not specify how Mr. Goldstein participated in the central object of the conspiracy.

In *Rogers*, the government was required to "reveal the substance, time, place, and date of each overt act as well as the identities of the participants in those acts." 617 F. Supp. at 1029.  In ordering the provision of such particulars, the *Rogers* court held that such information is necessary for trial preparation and to avoid prejudicial surprise, "especially where the Government seeks to hold defendants liable for the overt acts of alleged co-conspirators."  *Id.*

In *United States v. Bortnovsky*, 820 F.2d 572 (2d Cir. 1987), the United States Court of Appeals for the Second Circuit reversed a conviction for fraud by submission of false claims for burglary and fire losses because the defense had been unfairly prejudiced by the district court's denial of his motion for a bill of particulars.  In reaching that result, the court opined:

> Nowhere in the indictment, however, does the Government specify the dates of the staged burglaries or enumerate which of numerous documents were falsified ....
>
> We conclude that appellants were hindered in preparing their defense by the district court's failure to compel the Government to reveal crucial information: the dates of the fake burglaries and the identity of the three fraudulent documents.  Appellants were forced to explain the events surrounding eight actual burglaries and to confront numerous documents unrelated to the charges pending.  In effect, the burden of proof impermissibly was shifted to appellants.  While we commend the Government for cooperating in the turning over of documents prior to trial, we do not look with favor on the manner in which the Government conducted the prosecution.  The relevance of key events was shrouded in mystery at the commencement of and throughout the trial.  The Government did not fulfill its obligation merely by providing mountains of documents to defense counsel who were left unguided as to which documents would be proven falsified or which of some fifteen burglaries would be demonstrated to be staged....  In sum, we find that the district court erred by failing to grant a bill of particulars which was vital to appellants' understanding of the charges pending and to the preparation of a defense and which would have prevented the Government in its attempt to proceed furtively.

*Id.* at 574-75 (emphasis added).

Similarly, in *United States v. Davidoff*, 845 F.2d 1151 (2d Cir. 1988), the court reversed a RICO conspiracy conviction as a result of the district judge's failure to order the government to answer defendant's bill of particulars, which it found to be an abuse of discretion. Davidoff was charged with RICO conspiracy and four substantive Hobbs Act violations. The RICO conspiracy charged that it was part of the conspiracy to commit extortionate offenses, which included "but were not limited to" the four substantive Hobbs Act violation counts. Id. at 1153. The district judge was reversed for denying Davidoff's request to "state with particularity the unspecified violations indicated [in the RICO conspiracy count] by the phrase 'but were not limited to.'" *Id.*

In this instance, the discrete request for particulars is not a fishing expedition, not a request for detailed disclosure of the evidence the government plans to introduce at trial, not a request to reveal in advance the time and manner which the conspiracy was formed, and not a request to disclose when each participant entered or abandoned the conspiracy. Rather, this is a necessary request in a complex case to understand precisely which transactions are alleged to be criminal.[2]

In view of the foregoing, defendant respectfully requests that this Court order the government to provide the following particulars:

---

[2]   The courts have recognized that the production of extensive, or open-file, discovery is not an adequate alternative for particularized information about the allegedly false documents or claims. Indeed, productions such as the government's dump of voluminous, unorganized discovery in this case only aggravate the lack of notice and difficulties of trial preparation and weigh in favor of granting a bill of particulars. See *Bortnovsky*, 820 F.2d at 574; *United States v. Bin Laden*, 92 F. Supp. 2d 225, 234 (S.D.NY 2000) ("It is no solution to rely solely on the quantity of information disclosed by the government; sometimes, the large volume of material is precisely what necessitates a bill of particulars."); *United States v. Upton*, 856 F. Supp. 727, 753 (E.D.N.Y. 1994) (holding that government must specify which documents out of thousands that it produced it will allege to be falsified); *Davidoff*, 845 F .2d at 1155 (holding that disclosure of 6,000 documents was inadequate to notify the defendants of uncharged crimes under RICO that prosecution intended to prove at trial).

1.  Identify all coconspirators referenced in the indictment;

2.  Identify all alleged victims and their wives and eyewitnesses to the alleged kidnappings, assaults or extortions involved in the alleged conspiracy.

3.  Identify any person assaulted by Jay Goldstein.

4.  Identify any person tied up or held against his will by Jay Goldstein.

5.  Identify any monies received by Jay Goldstein from the agunot or their families.

6.  Identify any thing of value received by Jay Goldstein in connection with this alleged conspiracy.

7.  Identify whether, how and which of the alleged victims were seized, confined, inveigled, decoyed, kidnapped, abducted or held.

8.  Identify when and how each victim traveled in interstate or foreign commerce.

9.  Identify when and how Jay Goldstein and his codefendants traveled in interstate or foreign commerce.

10. Identify what and when facilities or instrumentalities of interstate and foreign commerce were used in the alleged conspiracy.

The Court should require the Government to particularize its charges against Mr. Goldstein regarding the central object of the conspiracy alleged in the Indictment.  See *Bortnovsky*, 820 F.2d at 574 (holding that defendants were unable to prepare for trial adequately because district court had not granted bill of particulars which would have required government to identify false documents that were vital to defense); *United States v. Nachamie*, 91 F. Supp. 2d 565, 574-75 (S.D.N.Y. 2000) (granting bill of

particulars requiring government to identify false items, statements, and entries on documents and claims alleged to be related to conspiracy); *United States v. Hsia*, 24 F. Supp. 2d 14, 32 (D.D.C. 1998) (requiring government to disclose how defendant allegedly "caused" each identified false statements); *United States v. Siddiqui*, No. 06-CR-377, 2007 U.S. Dist. LEXIS 15410, at *9-10 (S.D.N.Y. Feb. 21,2007) ("[W]here defendants have prepared multiple statements or documents, the Government should specify which of these are being called into question, lest defendants be forced to review all of the statements or documents in order to prepare a defense of the veracity of each"); *United States v. Subeh*, No. 04-CR-6077T, 2006 U.S. Dist. LEXIS 45514, at *19-20 (W.D.N.Y. July 5, 2006) (upholding order for bill of particulars stating whether alleged false statements to government agent were made in direct response to questions and, if so, what those questions were); *Upton*, 856 F. Supp. at 753 (granting motion for bill of particulars requiring government to specify which documents it alleged that defendants had falsified).

In order to allow Mr. Goldstein to adequately prepare his defense, the Government should also provide the specific information about the date, time and place of the overt acts in the conspiracy as well as the substantive counts in which he is charged. Moreover, the Government should identify the "others" alleged to have engaged in any conduct alleged in the conspiracy. This information will allow Mr. Goldstein to establish that he had no intent to participate in any kidnapping.

**4**

## A HEARING SHOULD BE HELD TO DETERMINE
## THE ADMISSIBILITY OF ANY STATEMENTS
## <u>MADE BY CO-CONSPIRATORS</u>

Federal Rules of Evidence Rule 801(d)(2)(E) provides that the hearsay statement by a coconspirator during the course of and in furtherance of the conspiracy may be used against another co-conspirator. Jay Goldstein submits that before any such hearsay statement is admitted into evidence, a hearing should be held to determine the admissibility of said hearsay statement. *United States v. Gibbs*, 739 F.2d 838 (3rd Cir. 1984); *United States v. Ammar*, 174 F.2d 238 (3rd Cir. 1983).

It is likely that the Government will attempt to introduce statements of individual co-defendants and attempt to use them against all defendants pursuant to the co-conspirator exception to the hearsay rule. It is submitted that before any statements made by any persons can be used against defendant Goldstein, it must be determined at a hearing that such statements were in furtherance of the conspiracy. No statement of a co-conspirator should be admitted into evidence if not in furtherance of the conspiracy, after the alleged conspiracy has failed or has been achieved. *Krulewitch v. United States*, 336 U.S. 440 (1949); *Wong Sun v. United States*, 371 U.S. 471 (1963).

Defendant Goldstein further joins in and adopts the argument set forth in the Memorandum of Law submitted by Defendant Martin Wolmark.

5

## A HEARING SHOULD BE HELD REGARDING
## THE AUDIBILITY OF RECORDED CONVERSATIONS

The Government has provided many recorded conversations in the discovery for this case.  It has not indicated which recordings it intends to play at trial and has not provided final transcripts for these calls.  Based on a review of the calls, some of them are inaudible or barely audible.  For example, an October 8, 2013, recording provided by the Government is quite clear when the agent is talking, but the conversation of the person he is talking to on various telephone calls, etc. is inaudible and thus should be precluded.  The Court must determine whether or not the portions of the recordings sought to be introduced by the Government are sufficiently audible to warrant their admission at all.  With regard to at least this recording, whether the unintelligible portions are 'so substantial, in view of the purpose for which the tapes are offered, as to render the recording as a whole untrustworthy."  *United States v. Bell*, 651 F.2d 1255, 1259 (8th Cir. 1981) (citation omitted).  Certainly portions of these recordings are in audible and should not be admitted into evidence.

The Government has not indicated if it will provide enhanced tapes nor has it provided the defense with any expert reports regarding these recordings (either for audio enhancement or for translations from Hebrew, Yiddish or other foreign languages).

The defendants are entitled to a pre-trial hearing pursuant to Rule 104(b) of the Federal Rules of Evidence regarding the audibility of these tapes pursuant to *United States v. Starks, 515 F.2d 112 (3rd Cir. 1976).*

**6**

## THE COURT SHOULD COMPEL DISCOVERY
## <u>OF ALL EXCULPATORY EVIDENCE</u>

Due process considerations require the Government to disclose evidence

favorable to the accused or detrimental to the Government's case.  *Brady v. Maryland*,

373 U.S. 83 (1963).  Thus, defendant is entitled as a matter of right to any material in

the possession of the Government, which might possibly be proof of his innocence.

Accordingly, all information affecting a witness' credibility is Brady material and is

subject to disclosure.  Under the *Brady* doctrine, any promises of benefits made by the

Government to a witness is within its scope.  *Giglio v. United States*, 504 U.S. 150, 154-

155 (1972).  This includes impeachment materials.

**7**

## THE COURT SHOULD COMPEL DISCLOSURE
## OF RELEVANT INFORMATION CONCERNING
## ALL WITNESSES AND INFORMANTS

As noted in *United States v. Jiles*, 658 2d 194 (3d Cir. 1981), when an informant plays an active and crucial role in the events underlying the defendant's criminal liability, disclosure of the informant will be required to ensure a fair trial. *Id.* Certainly, if informants or cooperating witnesses were involved in the investigation of this case, the informants and cooperating witnesses have acquired the status of a material witness for the Government. Consequently, the defendant is entitled to question the witness if he so chooses. *United States v. Tucker*, 552 F. 2d 202, 209-210 (7th Cir. 1977). Assuming that a confidential informant or cooperating witness was involved in the case, fundamental fairness requires full disclosure of the individual's real name, address and alias. *Roviaro v. United States*, 33 U.S. 53, 60-61 (1957). The use of such information is important for the purposes of checking the informant's credibility. Without a credibility check, it would be impossible for the defendant to determine if he wishes to call an informant to the stand as a witness. It is respectfully requested that the court order that the following information be disclosed regarding any informants so that the accused can appropriately prepare to cross-examine and test the credibility of the witness. Character evidence, other crimes, wrongs or bad acts to show motive or intent (F.R.E. 404 (b)). Specific instances of conduct bearing on truthfulness (F.R.E. 608). Prior inconsistent statement of the witness. (F.R.E. 613). Information regarding drug and alcohol addiction of the informant. *United States v. Banks*, 520 F 2d 627 (7th Cir 1975). Information regarding mental illness of the informant or witness. Such information is

relevant to credibility and probative of ability to comprehend, know and correctly relate the truth. Government payments to informant or witness. *United States v. Calvert*, 523 F.2d 895 (8th Cir. 1975); *United States v. Librach*, 520 F.2d 550 (8th Cir. 1975); *United States v. Partin*, 493 F.2d 750 (5th Cir 1974); *United States v. Kinnard, supra; Fletcher v. United States*, 158 F.2d 321 (D.C. Cir. 1946). *Cf. United States v. Noti*, 731 F.2d 610 (9th Cir. 1984); *United States v. Mansaw*, 714 F.2d 785 (8th Cir. 1983). Any false statements made by an informant or witness to the Government. Any information regarding an informant's efforts to deceive others for personal gain is crucial cross-examination material and must be provided to the defense. Defendant Goldstein respectfully submits that he should be entitled to information regarding co-defendant's or cooperator's plans to enter guilty pleas and whether he or she has agreed to cooperate with the government.

18

**8**

## THE COURT SHOULD ORDER THE GOVERNMENT
## TO PRESERVE ALL OF THE ROUGH NOTES
## <u>CREATED IN THE COURSE OF ITS INVESTIGATION</u>

The defendant moves to compel the government to preserve and retain three categories of documents: (1) contemporaneous rough notes taken by government agents of meetings, conversations or interviews during the course of its investigation; (2) the agent's subsequently prepared drafts of their reports of these incidents and (3) the final reports signed by the agents. The law of the circuit courts varies with respect to the preservation and production of rough interview notes. In *United States v. Vella*, 562 F. 2d 275, 276 (3d Cir. 1977) (per curiam), the Third Circuit Court held that: ... the rough interview notes of FBI agents should be kept and produced so that the trial court can determine whether the notes should be made available to the appellant under the Rule of *Brady v. Maryland*, 373 U.S. 83 (1963) or the Jencks Act.. *See also, United States v. Niederberge*r, 580 F. 2d 63, 71 (3d Cir.), *cert. denied*, 439 U.S. 980 (1978); *United States v. Robinson*, 546 F. 2d 309, 3l4 N. 3 (9th Cir. l974), cert. denied, 430 U.S. 918 (1977); *United States v. Harris*, 543 F. 2d 1247, 1248 (9th Cir. 1976). If defendant is to be given an opportunity to adequately confront and cross-examine his accused and witnesses, the attempted impeachment of these witnesses requires access to the materials necessary to reconstruct the conversations between those witnesses and out-of-court declarants. Frequently, in the course of criminal prosecution, the most substantial impeachment material is found in the rough notes of law enforcement investigators. *See United States v. Harrison*, 524 F. 2d 421 (D.C. Circuit 1975). It is clear that the Court can only make a future determination on whether these notes are

discoverable if such notes are presently preserved.  The purpose of this motion is to place the Government on notice that any destruction of the rough notes cannot be viewed in good faith, and the Court must be given an opportunity to review these matters.  The Government's failure to take the appropriate steps to preserve evidence may, in some circumstances, constitute grounds for reversal.  *See United States v. Testamark*, 570 F. 2d 1162, 1165 (3d. Cir. 1978).  Accordingly, the Court is respectfully requested to direct the Government to retain the three categories of documents specified above.

**9**

## THE GRAND JURY MATERIALS SHOULD BE DISCLOSED

Defendant Goldstein joins in and adopts the argument set forth in the Memorandum of Law submitted by Defendant Martin Wolmark and in Section VI of the Memorandum of Law submitted by Defendant David Epstein regarding the disclosure of Grand Jury minutes, records, exhibits, transcripts and other materials.

**10**

## JAY GOLDSTEIN JOINS IN THE OTHER MOTIONS OF HIS
## <u>CO-DEFENDANTS TO THE EXTENT RELEVANT AND APPLICABLE TO HIM</u>

Defendant Goldstein respectfully joins other motions by co-defendants not

specifically mentioned herein to the extent they are relevant and applicable to him.

## **CONCLUSION**

For the reasons set forth above, Defendant Jay "Yaakov" Goldstein respectfully requests that the Court grant his pre-trial motions.

Respectfully submitted,

PASHMAN STEIN, P.C.
*Attorneys for Defendant Jay Goldstein*

By: _____
AIDAN P. O'CONNOR

Dated:  January 5, 2015

23